William PRESSER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15697.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 20, 1960.

Decided Oct. 27, 1960.

Petition for Rehearing En Banc Denied
Nov. 22, 1960.

Messrs. Eugene F. Mullin, Jr., and J. Parker Connor, Washington, D. C. (both appointed by this court) for appellant.

Mr. Stephen N. Shulman, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

**234**

Mr. H. Clifford Allder, Washington, D. C., for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

Early in 1958 the Senate Select Committee on Improper Activities in the Labor or Management Field was investigating an alleged misappropriation of funds belonging to the Teamsters union. On March 19, 1958, it issued a subpoena for appellant, William Presser, a Teamsters official in Ohio, to testify and to produce his personal financial records for an indicated period. Before appearing as a witness, Presser delivered to the Committee's staff at Cleveland certain books and documents relating to his personal affairs. Thereafter, the Committee heard evidence indicating Presser had not furnished all the material sought but had destroyed some of the personal records he had in his possession at the time he was served with process. When he appeared as a witness, the Senators sought to ascertain from him whether, after service of the subpoena, he had destroyed some of the records called for, or had fully complied with the subpoena.

Being of the opinion that Presser's refusal to answer certain questions propounded to him on this subject was not justified by his reliance on the Fifth Amendment and constituted contempt of the Senate, the Committee caused the matter to be certified to the United States Attorney for the District of Columbia. Later on, the grand jury indicted Presser for contempt of Congress for unlawfully refusing to answer the following question: "You have destroyed no records since then [the time of the service of the Committee's subpena, dated March 19, 1958, calling for certain personal records of defendant] ?" Having waived a jury trial, Presser was found guilty by a judge of the United States District Court, who fixed his punishment at imprisonment for a period of two months and a fine of $100. Presser appeals.

Appellant's first point on appeal is that his plea of the Fifth Amendment protected him in his refusal to answer the question set forth in the indictment. In reply, the Government contends Presser waived the privilege with respect

to that question by his testimony in the following colloquy, particularly the portions we have italicized:

"The Chairman. * * * First, are you now ready to comply with the subpena?

* * * * * *

"Mr. Presser. I have *complied to the best of my ability.*

* * * * * *

"The Chairman. What have you done? You said you have *complied to the best of your ability. What* have you done in compliance?

"Mr. Presser. I have *made available all records I could get together.*

* * * * * *

"The Chairman. You said you had *complied to the best of your ability.* Have you delivered to the committee all of the records called for here that were in your possession or under your control and available to you at the time the subpena was served?

"Mr. Presser. I have delivered to the committee *everything I had available* and could lay my hands on.

"The Chairman. At the time the subpena was served?

"Mr. Presser. Yes, sir.

"The Chairman. You have destroyed no records since then?

"(The witness conferred with his counsel.)

"Mr. Presser. I respectfully decline to answer the question and assert my privilege under the fifth amendment of the United States Constitution not to be a witness against myself.

"The Chairman. Now, then, you said you had complied to the best of your ability. The best of your ability would be to deliver records, produce them as ordered by the subpena, such records as you had, and not destroy them.

"I ask you the question again: Have you destroyed any of the records called for by this subpena?

"Mr. Presser. I respectfully decline to answer the question and assert my privilege under the fifth amendment of the United States Constitution not to be a witness against myself.

"The Chairman. You are ordered —with the permission of the committee the Chair orders and directs you to answer that question.

"Mr. Presser. I honestly believe that if I am forced to answer the question I will be forced to be a witness against myself in violation of my rights under the fifth amendment of the United States Constitution."

Had appellant refused, on the ground the answer might incriminate him, to answer the question whether he had complied with the subpoena, his reliance on the Fifth Amendment would have protected him in his refusal to answer. But when he chose to answer that question, and said he had complied with the subpoena to the best of his ability and had given the Committee everything he had at the time of service, he subjected himself to cross-examination as to how he had complied. That is to say, having testified that he had complied with the subpoena to the best of his ability, Presser waived the Fifth Amendment privilege, which otherwise would have protected him in refusing to answer the question as to whether he had destroyed any pertinent records. Brown v. United States, 1958, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589.

▮ Appellant next contends the Committee did not order him to answer the question set forth in the indictment, but directed him to answer another and different question: "Have you destroyed any of the records called for by this subpena?" He cites Quinn v. United States, 1955, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964, which does indeed hold that refusal to answer a pertinent question is not contempt unless the witness was ordered and directed to answer it.

We are of the opinion that Presser was ordered to answer the very question quoted in the indictment. This becomes apparent when some of the questions and answers heretofore quoted are thus abbreviated:

"The Chairman. You have destroyed no records since then [the time of service of process]?"

The witness conferred with his counsel and then refused to answer, pleading the Fifth Amendment.

"The Chairman. * * * I ask you *the* question again: Have you destroyed any of the records called for by this subpena?"

Again Presser refused to answer.

"The Chairman. You are ordered —with the permission of the committee the Chair orders and directs you to answer *that* question." (Emphasis supplied.)

Thus, what appellant calls the "second question" was in reality a repetition of what he calls the first. The Chairman so characterized it. He prefaced the "second question" with the words, "I ask you the question again," and added, "[T]he Chair orders and directs you to answer that question."

Appellant argues, however, that the direction to answer whether he had destroyed any records "called for by this subpena" was not a direction to say whether he had destroyed any records "since then"—the indictment question. His point seems to be that the absence of the descriptive words "called for by this subpena" from the indictment question made that question substantially different from the restatement of it; and that the specific direction to answer applied only to the latter. This attempt to distinguish between the "first" and "second" questions must fail, for the reason that the two questions which preceded the indictment question sufficiently identified the records referred to by it as those "called for by this subpena." We think the witness could not have failed to understand he was being told to answer the indictment question.

■ Lastly, appellant urges that the question quoted in the indictment was not pertinent to the Congressional inquiry. Although he states in his brief "that the second question is definite and pertinent," he contends the first or indictment question "is not definite and includes in its broadness things not pertinent."

Again, the point is based upon the absence of the words, "called for by this subpena," from the indictment. The argument assumes that pertinency must appear from the indictment question itself, standing alone, in isolation from its context. Under that theory, the Government would have been allowed to prove only that Presser was asked the indictment question and refused to answer it; proof of preceding or succeeding questions which showed pertinency would not have been permitted. The prosecution is not so limited. It may, as it did here without objection, introduce the entire testimony of the recalcitrant witness, to show the background and setting of the indictment question as well as its significance and pertinence.

■ The contention that the question quoted in the indictment was not pertinent to the inquiry is refuted also by what we regard as the appellant's concession of pertinency. This is seen from the fact, already shown, that Senator McClellan said the "second question"— which Presser admits was pertinent— was merely a repetition of the first or indictment question. The substantial identity of the two queries has been amply demonstrated.

Even in the absence of the two questions which preceded it, the indictment question could hardly have been understood to refer to any records except those "called for by this subpena." We do not think Presser could have failed to understand that the Committee was asking if he had destroyed any records relating to his personal financial affairs during the period under scrutiny. He could not reasonably have supposed the indictment question asked whether he had destroyed

records which did not pertain to his personal financial transactions and which were not called for by the subpoena. We cannot accept the suggestion that the question quoted in the indictment was not pertinent to the inquiry.

Affirmed.